Kristen D. Foster (State Bar No. 28957-49)
John R. Lugar, Jr. (State Bar No. 28287-29)
THE FOSTER GROUP, PLLC
6375 W. US Highway 52
New Palestine, IN 46163
Telephone: (317) 861-8460
Facsimile: (480) 894-3444
kfoster@fosterslawgroup.com
jlugar@fosterslawgroup.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PEGGY LYNN JONES<br><br>Plaintiff,<br><br>v.<br><br>SIMON PROPERTY GROUP, INC.<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**1:11-cv-0924 RLY-DML**<br><br>(Jury Trial Requested) |

NOW COMES Plaintiff Peggy Jones, by and through counsel undersigned and for her Complaint against Simon Property Group, hereby states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA") and Family Medical Leave Act, 29 U.S.C. §2615 ("FMLA").

1

2. This Court has jurisdiction with this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff is a citizen of the United States and resides in Hancock County in the State of Indiana, which is in this judicial district.

5. Defendant Simon Property Group, Inc., "Defendant Simon," is an Indiana corporation located in Marion County in the State of Indiana, which is in this judicial district.

6. Plaintiff was employed by Defendant Simon as a paralegal from July 26, 2006 through August 12, 2010.

7. Plaintiff is a 43 year-old woman who suffers from fibromyalgia and interstitial cystitis.

## GENERAL ALLEGATIONS

8. On July 26, 2006, Plaintiff began working at Defendant Simon as a Legal Collections Paralegal.

9. In July of 2009, Plaintiff took three weeks off from work under the FMLA due to a severe migraine headache and persistent fever.

10. In November and December of 2009, Plaintiff took intermittent time off from work under the FMLA due to the detrimental impacts on her health from fibromyalgia and interstitial cystitis.

11. Each time Plaintiff needed to miss work because of her medical condition, she was required to provide a doctor's note to Defendant Simon Property Group.

12. Plaintiff's doctor provided notification to Defendant Simon that Plaintiff needed to stand and stretch once an hour to accommodate her disability.

13. Defendant Simon refused to accommodate Plaintiff's disability.

14. In response to Plaintiff's request for accommodation of her medical condition, Defendant Simon instituted the "AIS" ("ass in seat") requirement for Plaintiff.

15. Defendant Simon segregated Plaintiff from other employees.

16. Other employees were not allowed to speak with Plaintiff during work hours.

17. Plaintiff was not allowed to leave her desk.

18. On February 12, 2010, Plaintiff's physician, Dr. Teresa D. Beam performed a cystoscopy with hydrodistention that led to the diagnosis of "Findings consistent with interstitial cystitis."

19. On that same date, Plaintiff took FMLA leave and short-term disability.

20. On May 7, 2010, Defendant Simon sent Plaintiff a letter stating that Defendant Simon "find[s] it necessary to permanently replace your position at this time with another candidate."

21. In July 12, 2010, Defendant Simon sent Plaintiff a letter stating that her "short-term disability benefits will be exhausted on August 12, 2010." The letter further stated, "Effective August 13, 2010, you will no longer be an employee at Simon Property Group."

22. Defendant Simon never attempted to accommodate Plaintiff's disability.

23. Defendant Simon failed to engage in the interactive process.

24. On November 24, 2010, Plaintiff filed ADA discrimination claim with Equal Employment Opportunity Commission (EEOC).

25. On April 14, 2011, the EEOC issued a notice of right to sue.

## COUNT 1
## DISABILITY DISCRIMINATION

26. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

27. Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §12111(8).

28. Plaintiff is qualified, with or without reasonable accommodation, for the job she possessed.

29. Defendant Simon has discriminated against Plaintiff by terminating her because of her disability, without any attempt to accommodate Plaintiff's disability or to engage in the interactive process.

## COUNT 2
## FMLA INTERFERENCE

30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

31. Plaintiff was entitled to FMLA leave.

32. Defendant Simon interfered with Plaintiff's right to FMLA leave by requiring a doctor's note each time that Plaintiff exercised her right to intermittent FMLA leave and by restricting Plaintiff's movement, segregating Plaintiff and preventing other employees from talking to Plaintiff during work hours.

33. Defendant Simon's action was related to, and in retaliation for, Plaintiff's attempted exercise of her FMLA rights.

## COUNT 3
## FMLA RETALIATION

34. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

35. Plaintiff engaged in protected activity by requesting FMLA benefits.

36. Defendant took action that a reasonable employee would have found materially adverse including requiring a doctor's note each time that Plaintiff exercised her right to intermittent FMLA leave and by restricting Plaintiff's movement, segregating Plaintiff and preventing other employees from talking to Plaintiff during work hours.

37. There was a causal connection between protected activity and the adverse action against Plaintiff.

## DAMAGES

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Simon providing the following relief:

(a) Compensatory damages to be proven at trial for intentional discrimination based on disability, exclusive of costs and interest, that Plaintiff is found to be entitled

(b) Punitive damages to be proven at trial for intentional discrimination based on disability, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) Compensatory damages for Plaintiff exercising her rights under the FMLA that Plaintiff is found to be entitled;

(d) Damages of any wages, salary, employment benefits, or other compensation denied or lost due to Plaintiff by reason of FMLA violation;

(e) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

5

(f) An order enjoining/restraining Defendant Simon from further acts of discrimination or retaliation;

(g) An award of interest, costs, reasonable expert witness fees, reasonable attorney's fees, and other costs of the action;

(h) Any and all other remedies provided pursuant to 42 U.S.C. 1983, the ADA and the FMLA.

(i) Take other appropriate nondiscriminatory measures to overcome the above described discrimination; and

(j) Such other and further relief as the Court deems appropriate.

Respectfully submitted this 13th day of July, 2011.

THE FOSTER GROUP

By _____
Kristen D. Foster
John R. Lugar, Jr.
THE FOSTER GROUP
P.O. Box 528
6375 W. US Highway 52
New Palestine, IN 46163
*Attorneys for Plaintiff*

ORIGINAL of the foregoing filed

This 13th day of July, 2011 with:

The District Court of US
46 E. Ohio Street
Indianapolis, IN 46204